Opinion of the Court.
IN an ejectment brought by Chiles, in April 1814, against Patterson. &c. a judgment was finally rendered in favor of Chiles, in July 1817, for the land in contest ; and a writ of habere facias possessionem having issued on the judgment, the possession was shortly thereafter delivered to Chiles, by the sheriff. After the possession was delivered to Chiles, a motion was made in the name of Mayo, &c. for restitution ; but the motion was overruled, and the question presented for decision in the present case, involves the single inquiry, whether or not the motion for restitution was properly overruled.
It appears that after the commencement of Chiles’ ejectment against Patterson, &c. through Patterson’s procurement, an ejectment was also commenced in the same court against him and others, in the name of Mayo, &c. and that before judgment was recovered by Chiles, these persons against whom the ejectment in the name of Mayo, &c. was brought, confessed judgment in favor of Mayo ; and, under instructions given to the sheriff by the attorney who was procured by Patterson to bring the suit in Mayo’s name, the sheriff, in executing the writ of possession which issued in the name of Mayo, &c. delivered the possession to Patterson. It appears, moreover, that the possession was delivered to Patterson by the sheriff, before the judgment recovered by Chiles ; and in executing the writ of possession, the sheriff turned Patterson out of possession, and again restored him to the possession, by delivering the possession to him in pursuance to instructions given by the attorney who prosecuted the suit. On the part of the plaintiffs in the motion for restitution, evidence was introduced in the court below, to show the title of Mayo paramount to that of *238 Chiles; and it is contended, that having obtained judgment and possession under that paramount title, the possession so obtained should not have been invaded by the officer, in executing the writ of possession which issued on the judgment subsequently recovered by Chiles. Whereas, on the part of Chiles, it is insisted, that the propriety of his judgment recovered against Patterson, ought not thus, in a collateral motion, to be brought into question, and the effect of that judgment defeated by that in the name of Mayo, &c. obtained through the contrivance and procurement of Patterson.
It is impossible, after looking into the evidence contained in the record, to doubt for a moment, but that the present motion is an attempt on the part of Patterson, to bring again in trial the title upon which the judgment was rendered in favor of Chiles. The motion, it is true, is made in the name of Mayo, &c. but the attorney by whom it was made, after being called on for his authority from Mayo, declined producing any; and although, in the name of Mayo, the object of the motion is to enfore a judgment which is abundantly proved to have been rendered, not only on the confession of Patterson, but the action was brought through his procurement, after the suit was brought by Chiles against him, and without his ever having consulted those persons in whose names it was prosecuted. The judgment, therefore, although in the name of Mayo, is, in substance and effect, the judgment of Patterson ; and, whatever might be its effect, under different circumstances, we can have no hesitation in withholding from it any operation in the present contest. If the title of Mayo is in truth paramount to that of Chiles, Patterson might have availed himself of it on the trial of Chiles’ ejectment against him; but as he failed to do so, he should not, after judgment against him, by a motion in the name of others, be allowed to again bring in question the validity of Chiles title, and avoid the effect of his judgment.
The judgment must be affirmed with costs.